IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Altony Brooks, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Berkeley County Sheriff's Office; )<br>Orangeburg County Sheriff's Office; )<br>Tony Bart Sortier; Cell Co. Partnership, )<br>doing business as Verizon; Fox 57 )<br>News; WIS 5 News; ABC News; Leroy )<br>Ravenell; Richard Waker; Ward Dolles; )<br>John Stuke; Inv. M. Carrigh; Derrick )<br>Dash; and John Doe 1-4, )<br>)<br>Defendants. )<br>_____) | Civil Action No. 2:21-cv-4054-BHH<br><br>**ORDER** |

Plaintiff Altony Brooks ("Plaintiff" or "Brooks"), who is proceeding *pro se* and *in forma pauperis*, filed this action in December of 2021 alleging a violation of his civil rights. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations.

On May 23, 2022, United States Magistrate Judge Kaymani D. West issued a proper form order giving Plaintiff the opportunity to correct the defects identified in his complaint and warning Plaintiff that if he failed to timely file an amended complaint or cure the identified deficiencies, then she would recommend that the action be dismissed without leave for further amendment. Subsequently, the Court granted Plaintiff two extensions of time to comply with the Magistrate Judge's proper form order, but Plaintiff failed to do so. Accordingly, on September 21, 2022, Magistrate Judge West issued a report and recommendation ("Report"), explaining the issues and recommending that the Court

dismiss this action for the specific reasons provided in the Report and pursuant to 41(b) for failure to comply with a court order. Plaintiff filed objections to the Magistrate Judge's Report on September 21, 2022. (ECF No. 70.)

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

In his objections, Plaintiff submits that he needs counsel appointed because his "case load is too big as he has over 6 pending case[s] in the lower and higher courts . . . ." (ECF NO. 70 at 2.) Plaintiff further asserts that he is "not financially stable to litigate these claims," and Plaintiff summarily asserts that the Magistrate Judge's Report is not in compliance with the law. (*Id.*) Plaintiff then states that the gist of his complaint is "on

conclusory affidavits that lack probable cause in violation of the 4th, 8th, and 14th amendment[s] of the United States Constitution." (*Id.* at 3.)  Essentially, Plaintiff rehashes his claim that "the warrant's affidavit does not state the facts upon which probable cause was based," and he cites various case law and refers to a Post & Courier article about South Carolina magistrate judges to support his argument that Derrick Dash is not entitled to judicial immunity.  (*Id.* at 4-9.)  Plaintiff further objects to the Magistrate Judge's conclusion that Defendants Berkeley County Sheriff's Office and Orangeburg County Sheriff"s Office are entitled to Eleventh Amendment immunity and her recommendation that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims, citing various state law in support of his objections. (*Id.* at 10-16.)  Lastly, Plaintiff asserts that the questions are for the jury to determine and asks that the Court overrule the Magistrate Judge's Report allow discovery to proceed.  (*Id.* at 17-20.)

After de novo review, the Court finds Plaintiff's objections wholly conclusory and without merit and fully agrees with the Magistrate Judge's findings and conclusions.  First, the Court agrees with the Magistrate Judge that Defendant Dash is entitled to judicial immunity and Defendants Berkeley County Sheriff's Office and Orangeburg County Sheriff"s Office are entitled to Eleventh Amendment immunity.  Next, it is clear that Plaintiff's complaint lacks sufficient factual allegations to show that Defendant Cell Co. Partnership, doing business as Verizon, acted under color of state or federal law.  As to Plaintiff's false arrest claim, the Court agrees with the Magistrate Judge that Plaintiff fails to allege sufficient factual allegations to state a valid claim; furthermore, Plaintiff's claims of constitutional violations in connection with his arrest are premature as Plaintiff has not offered information about the disposition of his criminal charges.  Furthermore, the Court

agrees with the Magistrate Judge that Plaintiff has failed to allege sufficient facts to state a plausible claim that the search of his phone records was objectively unreasonable. Because the Court agrees with the Magistrate Judge that Plaintiff's federal claims are subject to dismissal–and Plaintiff has failed to remedy the identified deficiencies in his federal claims by filing an amended complaint within the prescribed time period–the Court declines to exercise supplemental jurisdiction over any remaining state law claims.

## **CONCLUSION**

In conclusion, the Court overrules Plaintiff's objections (ECF No. 70) and adopts in full and incorporates the Magistrate Judge's Report (ECF No. 66).  Thus, for the reasons set forth in the Report and set forth herein, the Court dismisses this action without leave for further amendment and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 10, 2023
Charleston, South Carolina